Scott E. Radcliffe, (CA BAR NO. 278098)
**ALVES RADCLIFFE LLP**
2377 Gold Meadow Way, Suite 100
Gold River, California 95670
T: (916) 333-3375
E: sradcliffe@alvesradcliffe.com

Attorneys for Plaintiff
PREPARED FOOD PHOTOS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> V. <br><br> PAPAYA FRESH MEDITERRANEAN MARKET INC., <br><br> Defendant. | Civil Action No. 1:23-at-00171 <br><br> **COMPLAINT** |

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., ("Plaintiff") sues defendant Papaya Fresh Mediterranean Market Inc. ("Defendant"), and alleges as follows:

1

# THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2047 W. Shaw Avenue, Fresno, CA 93711. Defendant's agent for service of process is Ibrahim Ghannam, 2047 W. Shaw Avenue, Fresno, CA 93711.

# JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with California such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-

LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)). Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

**FACTS**

**I.     Plaintiff's Business**

6.     Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

7.     Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

8.     Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

9.     Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase.  Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

10.     Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such

photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

II. **The Work at Issue in this Lawsuit**

11. In 1995, a professional photographer created a photograph titled "BeefFeet001_ADL" (the "Work"). A copy of the Work is exhibited below:



12. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on April 7, 2017 and was assigned Registration No. VA 2-045-012. A true and correct copy of the Certification of

Registration pertaining to the Work is attached hereto as **Exhibit "A."**

13. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

14. Defendant is a one-stop marketplace for ethnic foods, bread, and groceries that features a butchery, deli, bakery, and cafe. Defendant promotes on its website to be "Fresno's #1 supplier of Middle Eastern, Armenian, Indian, Pakistani foods and more."

15. Defendant advertises/markets its business primarily through its websites (http://www.papayafresh.net/, https://papayafreshintl.com/), social media (https://www.facebook.com/papaya.fresh.intl/, https://www.instagram.com/papayafreshintl/), and other forms of advertising.

16. On March 17, 2021 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website in connection with its electronic Weekly Ad (at http://www.papayafresh.net/wp-content/uploads/2021/03/documents_change-request-attachments_19110456_7862_File_17.pdf):

[Advertisement image: Fresh Meats Butcher Shop — Halal Zabiha. Fresh Chicken Drumsticks 99¢/LB; Beef Boneless Stew Meat $4.99/LB; Beef Feet $1.99/LB; Fresh Lamb Kidneys or Hearts $4.99/LB; Leg of Lamb Grass Fed $4.99/LB; Boneless Chicken Breast $2.49/LB; Fresh Halal Ground Lamb $6.99/LB; Fresh Local Bone-in Veal $5.99/LB. "nos reservamos el derecho a limitar las cantidades - no nos hacemos responsables por errores de imprenta / we reserve the right to correct all printed errors. we reserve the right to limit quantities." PAPAYA INTERNATIONAL Market_P1]

17. A true and correct copy of the screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

18. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

19. Defendant utilized the Work for commercial use – namely, in connection with the marketing of its business.

20. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for Defendant's own commercial use.

21. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered the Defendant's unauthorized use/display of

the Work on June 2, 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

22. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

26. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

27. Defendant reproduced, distributed, and publicly displayed the Work

without authorization from Plaintiff.

28. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its commercial purposes.

29. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its websites ("© Copyright – PAPAYA FRESH INC" and "Copyright © 2020 – 2022 Papaya Fresh International Market All rights reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its websites. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.,

Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

30. Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website notwithstanding at least eight (8) communications sent to Defendant (via Federal Express, e-mail, and telephone) notifying it of the infringement and demanding that the Work be removed from Defendant's website. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action - reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit - supported a finding of willfulness under 17 U.S.C. § 504(c)(2)."); Schwabel v.

HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful.").The willfulness of Defendant's infringement is further demonstrated by Defendant's inclusion on its website of a copyright notice ("Copyright © 2019. Islamorada Times. All Rights Reserved. Privacy Policy"), indicating Defendant understands the importance of copyright protection/intellectual property rights and falsely represented all content thereon as its own. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership

of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). As of the date of this filing, the Work is still published on Defendant's website.

31. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

32. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

33. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

35. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive

rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

DATED:  February 28, 2023.            **ALVES RADCLIFFE LLP**


By: /s/ Scott E. Radcliffe_____

SCOTT E. RADCLIFFE
Attorney for Plaintiff
Prepared Food Photos, Inc.
f/k/a Adlife  Marketing &
Communications Co., Inc.